[No. 3625.   Decided December 7, 1901.]   ·

THE STATE OF WASHINGTON *on the Relation of Thomas Navin, Respondent,* v. JAMES WEIR *et al., Appellants.*

ELECTIONS — CONTEST — JURISDICTION OF CITY COUNCIL.

Art. 18, § 9, of the freeholders' charter of the city of Seattle, which provides that the city council shall decide all questions as to the qualification and election of its own members, in all cases of contested elections, is invalid, since no constitutional nor statutory provision authorizes cities of the first class to assume jurisdiction of contested elections nor empowers cities to confer such jurisdiction upon the tribunals of any character.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge.   Affirmed.

*Preston, Carr & Gilman,* for appellants.

*George McKay* and *Morris & Southard,* for respondent.

PER CURIAM.—This is an appeal from the judgment of the superior court of King county awarding to the respondent a writ of prohibition against the appellants, who constitute the city council of the city of Seattle, prohibiting them from proceeding to hear an election contest between the appellant James Weir and the respondent Thomas Navin.   The facts out of which the controversy arises are as follows:   On the 6th day of March, 1900, a general municipal election was held in the city of Seattle, for the purpose of electing a mayor, members of the city council, and other municipal officers.   By the charter provisions of the city one member of the city council is elected from each of its nine wards, to serve for a period of two years, at every general election of the city.   At the election in question, the appellant, James Weir, was the regularly nominated candidate for member of the council for the

first ward of one political party, and the respondent Navin of another. Each of their names appeared upon the official ballot. The election inspectors, judges, and clerks, duly appointed, who received and counted the ballots of the electors cast in the respective precincts, made up the returns, and transmitted them to the city council to be canvassed pursuant to the provisions of the city charter. Upon the canvass it appeared upon the face of the returns that Navin received 485 votes and that Weir received 440 votes, there being an apparent majority for Navin of 45. The city council, on the faith of these returns, issued a certificate of election to Navin. Within ten days thereafter Weir initiated before the city council a contest, claiming that in one of the precincts of the ward the grossest frauds and irregularities were perpetrated in the interest of Navin by his procurement and with his consent and connivance; setting out in detail the nature of the frauds claimed. to have been perpetrated. The city council caused due notice to be issued and served upon Navin and set the contest down for hearing, and was about to proceed to a trial and determination thereof, when Navin filed in the superior court of King county an affidavit and application for a writ of prohibition prohibiting the city council from further proceeding with the cause. The appellants joined issue with the application, and the cause proceeded regularly to a hearing. The superior court held that the city council was without power to hear and determine the contest, and rendered judgment granting the writ.

The city of Seattle is a municipal corporation of the first class, having a freeholders' charter. The contest was instituted by Weir under the provisions of § 9, of art. 18 of the city charter, which reads as follows:

"A certificate of election shall be *prima facie* evidence of the facts therein stated, but the city council shall de-

cide all questions as to the qualification and election of its own members, and in all cases of contested election for any office the contest shall be decided by the city council according, as nearly as may be, to the laws of the state regulating proceedings in cases of contested elections for county officers."

No question is raised as to the sufficiency of the pleadings, nor is it contended that the proceedings instituted do not substantially conform to the laws of the state regulating proceedings in the case of contested elections for county officers. The sole question presented, therefore, is, has the city power, under the constitution and laws of this state, to confer upon its city council jurisdiction to try a contest between persons claiming to be elected to a city office. In *State ex rel. Fawcett v. Superior Court,* 14 Wash. 604 (45 Pac. 23, 33 L. R. A. 674), we hold that no such power is conferred. The appellants, however, call our attention to the facts of that case, and argue therefrom that the only point decided was that the city did not have power to confer such jurisdiction upon the superior court of the county, and that the question whether it has power to confer such jurisdiction upon its city council is still an open one. But an inspection of that case will show that the decision was rested upon the proposition that the power to provide a tribunal and clothe it with authority to try contested election cases was not specially, nor by necessary implication, conferred by the legislature or by the constitution upon municipalities of the first class. In the course of the opinion, after quoting from the general statutes relating to election contests, it was said:

"This is all the provision the law makes for contesting election cases, and the specific provisions made in this section must, under all rules of statutory construction, be

held to fall under the rule that the expression of one ex-
cludes the expression of the other, and therefore it must
be concluded that there is no statutory provision for con-
testing the election of a municipal officer.  It is claimed,
however, by the appellant, that the city had the right
to legislate on this subject, and to clothe the court with
authority to try contested election cases, and to prescribe
the mode of such trials.  It is true that § 10 of art. 11 of
the constitution provides that any city containing a popu-
lation of twenty thousand inhabitants, or more, shall be
permitted to frame a charter for its own government,
consistent with and subject to the constitution and laws of
this state.  And it is argued that it was the plain intention
of the framers of said section to invest the inhabitants of
cities containing a population of 20,000 inhabitants, or
more, with all the authority to legislate upon local mat-
ters that had theretofore been exercised by the legislature,
and that the only limitation of that power was that the
same should be consistent with, and subject to, the con-
stitution and laws of the state.  But we must not lose
sight of the elementary proposition that municipal cor-
porations have only the powers which are specially con-
ferred upon them by the legislature, or such other powers
as by necessary implication flow therefrom.  The power
to provide a tribunal, and clothe it with authority to con-
test election cases was not specially conferred by the legis-
lature, nor do we think it was necessarily implied, or im-
plied at all, by the constitution, or by any act of the legis-
lature to which our attention has been called."

As we do not feel inclined to depart from the rule there
announced, the judgment appealed from must be affirmed,
and it is so ordered.